ELLA F. FILIPPONE AND JOHN J. LITTLE, PLAINTIFFS, v. GERTRUDE O'CONNOR, ALLAN A. SWENSON AND WILLIAM B. WAHL, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided October 13, 1971.

*Frederick W. Engel,* for plaintiffs (*Mr. John R. Miller,* attorney).

*Graham T. Ross,* for defendants (*Messrs. Mott & Soriano,* attorneys).

MEREDITH, J. C. C. t/a (temporarily assigned). This matter comes before this court on an order to show cause why plaintiffs should not be found to be duly elected and qaulified Republican municipal and county committeemen from their respective districts in the Township of Bernards in Somerset County.

The facts have been stipulated by the attorneys for their respective parties.

Primary elections were held on June 8, 1971 in the Township of Bernards. No persons had been nominated by petition for the position of Republican county committeewoman for District 3 or Republican county committeeman in District 2. On the above-mentioned date plaintiff Ella F. Filippone was elected by write-in votes in District 3 and plaintiff John J. Little elected by write-in votes in District 2.

Little became aware of the results on June 8 and Mrs. Filippone on June 9.

On or about June 10 the township clerk certified to the county clerk and to the county board of elections the names and addresses of the persons elected as members of the Republican county committee. By statute, *N. J. S. A.*

19:5–2, members of the municipal committee of political parties shall consist of members of the county committee resident in the respective municipalities.

On June 11 defendant William B. Wahl, chairman for 1970–71 of the Republican municipal committee for the Township of Bernards, became aware of the results of the election. At some time between June 8 and June 14 he solicited acceptances and party certifications from all the successful write-in candidates except the two plaintiffs. He also notified all the others of the hour and place of the annual meeting of the municipal committee, which took place June 14 at the Thompson Realty office.

Nonetheless, Little attended that meeting but Mrs. Filippone was not present. Wahl informed Little that the two offices were considered vacant because plaintiffs had not tendered a written acceptance by the previous Saturday, June 12. The municipal committee elected defendants O'Connor and Swenson to fill the vacancies.

On June 15 a certificate of election was issued to each of the plaintiffs, and before the Republican county committee met that evening both had filed a written statement of party affiliation with the secretary of that committee, as required by *N. J. S. A.* 19:23–54. Plaintiffs then placed their demand for their respective offices before this committee.

It is agreed that *N. J. S. A.* 19:5–2 provides that the members of the municipal committee take office the first Saturday following the day of the election. The statute further states that members of the municipal committee make up the membership of the county committee. Defendants contend that the reason for the requirement that the municipal committee meet six days after the day of election is to determine the committee membership. This step, they say, is necessary so that the county committee meeting on the seventh day can properly elect its officers. Therefore, they argue, it follows that it is implicit from the statute that the municipal committee be properly notified of the

acceptance of an elected official to an office in order that any vacancy can be filled at the official meeting of the committee.

The basic problem which confronts this court is one of interpretation and construction of the statutes involved.

The only affirmative duty on the part of a member-elect of a committee can be found in *N. J. S. A.* 19:23–54. This requires that after a certificate of election has been issued, a written statement must be filed by the member-elect with the secretary of the county committee certifying that he is a member of such a political party. There is no requirement in this statute or in any other statute that any statement of acceptance, oral or written, be tendered to the municipal committee at any time.

The certificate of election was issued to plaintiffs on Tuesday, June 15, 1971. Plaintiffs promptly filed their certification of membership in the Republican party with the secretary of the county committee. The meeting of this Committee was held that same evening. The required filing was within the proper time limitation.

Failure to execute a written declaration of party affiliation as required by statute was held a mere irregularity and insufficient to render a vote illegal in the case of *Wene v. Meyner,* 13 *N. J.* 185 (1953). The primary is a medium for expressing the preference of the popular will and of those united under the party standard. While protective legislative measures are to be enforced according to their spirit, a construction that would nullify votes cast by primary electors is to be avoided. Essentially, the question becomes one of fairness in the election.

We are cautioned in *Kilmurray v. Gilfert,* 10 *N. J.* 435 (1952), that election laws should not be so construed so "as to deprive the voters of their franchise or render an election void for technical reasons." Furthermore, *Sharrock v. Keansburg,* 15 *N. J. Super.* 11 (App. Div. 1951), holds that:

> The right of suffrage in a government of and by a free people must always be regarded with jealous solicitude. To overthrow the expressed will of voters for no fault of their own and solely because of some harmless irregularity would in many cases defeat the paramount object of the election laws.

*N. J. S. A.* 19:5–2 requires that the outgoing municipal chairman notify each member elect of the hour and place of the annual meeting. The statute contains no words qualifying or limiting the words "member-elect," although defendants would have added the words "who have accepted their positions within the required time limit."

Although, historically, courts have been most reluctant to interfere in intraparty controversies in the absence of the violation of a controlling statute or the infringement of a clear legal right, *Deamer v. Jones,* 42 *N. J.* 516 (1964), in the opinion of this court plaintiffs' legal rights have been clearly violated by the decision of the municipal committee to deny them the offices to which they were elected. The court declares that plaintiffs are the duly elected Republican committeeman and committeewoman of their respective districts in the Township of Bernards, and county committeeman and committeewoman of the county Republican committee. Consequently, defendants O'Connor and Swenson who have accepted these posts must be removed therefrom.